# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FREDERICK THOMAS, #M18843,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-00865-NJR** |
| | ) | |
| **SGT. WEAVER,** | ) | |
| **SGT. MASON,** | ) | |
| **MS. McDONALD,** | ) | |
| **and WARDEN GOINGS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Frederick Thomas, an inmate in the Illinois Department of Corrections who is currently incarcerated in Lawrence Correctional Center ("Lawrence"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 to address unconstitutional conditions of confinement at Lawrence. Plaintiff specifically complains about a lack of hot water in his cell. (Doc. 4, pp. 1-9). He requests money damages and injunctive relief.[1] (*Id*. at pp. 1, 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff includes a request for unspecified injunctive relief in the opening paragraph of the Complaint but does not mention this request anywhere else.

## The Complaint

Plaintiff makes the following allegations in the Complaint: While housed in Cell R6-C Wing-Lower 5 from May 21-28, 2019, Plaintiff had no access to hot water.[2] (Doc. 4, pp. 1-7). As a result, he was unable to properly shower, wash hands, or clean dishes. (*Id*. at p. 2). Defendants were aware of Plaintiff's "general needs" and knew, or should have known, that having no hot water violated his rights under the Eighth Amendment. (*Id*. at pp. 4-7).

## Discussion

Based on the allegations, the Court deems it appropriate to designate a single count in the *pro se* Complaint:

> **Count 1:** Eighth Amendment claim against Defendants for denying Plaintiff access to hot water in his cell (#R6-C Wing-Lower 5) from May 21-28, 2019.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court. **Any claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Twombly*.**[3]

In evaluating an Eighth Amendment claim for unconstitutional conditions of confinement, the Court conducts an objective and a subjective inquiry. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To satisfy the objective inquiry, the alleged deprivation must be sufficiently serious. *Id*. at 837. To satisfy the subjective inquiry, the defendants must act with deliberate indifference. Plaintiff's claim satisfies neither requirement.

Conditions are sufficiently serious if they deprive an inmate of the minimal civilized measure of life's necessities, such as food, clothing, heat, shelter, bedding, cleaning supplies, and

---

[2] Plaintiff also mentions that he is now housed in a cell lacking hot water, a working toilet, *and* an operational sink, but this claim forms the basis of another Complaint he filed to address conditions in Cell R6-CL-05. *Thomas v. Weaver, et al.*, No. 19-cv-00966-NJR (S.D. Ill. filed Aug. 7, 2019).

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

hygiene items. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (collecting cases). The Seventh Circuit has made clear that an "adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem." *Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009). But a week without hot water amounts to an inconvenience and nothing more. Prisoners do not have a constitutional right to hot water. *Hopkins v. Klindworth*, 556 F. App'x 497 (7th Cir. 2014) (district court properly dismissed claim regarding placement in cell lacking hot water) (citing *Lopez v. Robinson*, 914 F.2d 486, 492 (4th Cir. 1990) ("[T]here is no clearly established, sufficiently contoured, right to hot showers in prison.")). This condition is simply not serious enough to support a claim.

Moreover, the allegations do not suggest that Defendants even knew about the lack of hot water in Cell R6-C Wing-Lower 5. Plaintiff makes no allegation that he notified them of the water problem, requested repair of it, or requested repair of any related issue. Absent any allegations of Defendants' actual knowledge or intentional disregard of the water problem, Plaintiff cannot demonstrate that they were deliberately indifferent to it. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (individual participation in a constitutional deprivation required for Section 1983 liability to attach).

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**,[4] based on his failure to demonstrate reasonable efforts to locate counsel on his own before seeking the Court's assistance or identify any significant impediments to self-representation beyond a limited education.

---

[4] *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court should consider when presented with a request for counsel).

**Disposition**

**IT IS ORDERED** that the Complaint (including **COUNT 1**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **SGT. WEAVER, SGT. MASON, MS. McDONALD,** and **C/O THRASHER** are **DISMISSED** without prejudice from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 1, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00866-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: 10/4/2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**